IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

R.R.,

    Petitioner,

vs.                                                                          Civ. No. 20-564 KG/GBW

DORA OROZCO, in her official capacity as
Warden of the Otero County Processing Center, et al.,

    Respondents.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Petitioner's Motion for Entry of a Temporary Restraining Order on his Petition for Writ of Habeas Corpus, (Doc. 4), filed June 10, 2020. Respondents filed a response to the motion on June 17, 2020, and Petitioner filed a reply on June 22, 2020. (Docs. 10 and 14). Petitioner asserts the Court has jurisdiction under Article I, section 9, clause 2, of the United States Constitution (Suspension Clause), 28 U.S.C. § 2241, and 28 U.S.C. § 1331, because Petitioner "is presently in custody under color of authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States." (Doc. 1) at 3-4. Having considered Petitioner's Section 2241 Petition, (Doc. 1), Motion for a Temporary Restraining Order, the parties' briefing, and relevant law, the Court makes the following findings:

(1) Petitioner is likely to prevail on the merits based on evidence presented regarding unreliability of skeletal age evidence and copies of Petitioner's birth certificate, Government of India Aadhaar card, income tax department ID, and passport;

(2) Petitioner would suffer irreparable harm from being held in an adult detention center as a minor and being prevented from seeking asylum before the United States Citizenship and Immigration Services as a minor if his age determination is found to be unlawful;

(3) The public interest and balance of equities weighs in favor of enjoining Respondents from detaining Petitioner with unrelated adults until Petitioner's challenge to his age determination is resolved.

IT IS THEREFORE ORDERED that Petitioner's Motion for a Temporary Restraining Order is granted in part and Respondents are ordered to immediately remove Petitioner from Immigration and Customs Enforcement's adult detention center and place Petitioner into the custody of the Office of Refugee Resettlement to provide appropriate detention and education.

IT IS FURTHER ORDERED that Petitioner shall be treated as a juvenile for purposes of detention and immigration proceedings until the Court decides whether Petitioner's age determination will be reviewed and enjoined.

IT IS FURTHER ORDERED that a hearing on the issue of Petitioner's age determination will be held on Wednesday, July 1, 2020, at 2:00 p.m., at the same time as the hearing in *V.V. v. Orozco, et al.*, Civ. No. 20-560, KG/CG. The parties shall submit any exhibits to the Court no later than 5:00 p.m., Thursday, June 25, 2020, and shall note whether the parties stipulate to the exhibits' admission. The parties shall be prepared to respond to questions regarding Respondents' compliance with the Trafficking Victims Protection Reauthorization Act, 8 U.S.C. §§ 1232(b)(2)(B) and (b)(4), as well as the Office of Refugee Resettlement policy that medical age assessment reports must indicate "the probability percentage that the individual is a minor or an adult," (ORR Policy for Placement and Transfer of Unaccompanied Alien Children at 1.6.2), (Doc. 1-8).

The proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely. The Zoom ID and Passcode will be provided separately to the participants' e-mail addresses of record. Participants should connect to the proceeding 15 minutes prior to its scheduled start time to allow time for trouble shooting of any connectivity issues. To ensure the record is of the best quality, participants are encouraged to utilize a headset to reduce static and background noise; if not using a headset, participants must ensure the audio feed at their location is muted when not speaking.

_____
UNITED STATES DISTRICT JUDGE